## ARTHUR DESCHNOW *v.* CITY OF STAMFORD
## (13872)

PETERS, C. J., SHEA, CALLAHAN, GLASS and HULL, Js.

Argued March 1—decision released April 3, 1990

*John W. Greiner,* for the appellant (defendant).

*Gerald F. Stevens,* for the appellee (plaintiff).

PETERS, C. J. This appeal concerns the eligibility of disabled members of municipal police and fire departments, who are entitled to compensation under General Statutes § 7-433c,[1] the Heart and Hypertension

---

[1] General Statutes § 7-433c provides: "BENEFITS FOR POLICEMEN OR FIREMEN DISABLED OR DEAD AS A RESULT OF HYPERTENSION OR HEART DISEASE. In recognition of the peculiar problems of uniformed members of paid fire departments and regular members of paid police departments, and in recognition of the unusual risks attendant upon these occupations, including an unusual high degree of susceptibility to heart disease and hyper-

Act, to receive insurance coverage from their municipal employers in accordance with General Statutes § 31-284b (a).[2] On the basis of stipulated facts, a work-

tension, and in recognition that the enactment of a statute which protects such fire department and police department members against economic loss resulting from disability or death caused by hypertension or heart disease would act as an inducement in attracting and securing persons for such employment, and in recognition, that the public interest and welfare will be promoted by providing such protection for such fire department and police department members, municipal employers shall provide compensation as follows: Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, he or his dependents, as the case may be, shall receive the same retirement or survivor benefits which would be paid under said system if such death or disability was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment. If successful passage of such a physical examination was, at the time of his employment, required as a condition for such employment, no proof or record of such examination shall be required as evidence in the maintenance of a claim under this section or under such municipal or state retirement systems. The benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered, except as provided by this section, as a result of any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability. As used in this section, the term 'municipal employer' shall have the same meaning and shall be defined as said term is defined in section 7-467.''

[2] General Statutes § 31-284b (a), entitled "Employer to Continue Insurance Coverage or Welfare Fund Payments for Employees Eligible to

ers' compensation commissioner determined that the plaintiff, Arthur Deschnow, was entitled to an award of § 31-284b (a) benefits. The defendant, the city of Stamford, unsuccessfully petitioned to have this determination overturned by the compensation review division. The defendant thereafter took a further appeal to the Appellate Court, which this court transferred here pursuant to Practice Book § 4023. We find no error.

As stipulated, the plaintiff was a regular member of the fire department of the defendant city, who had passed the requisite physical examination at the time of his employment. Because the plaintiff thereafter manifested symptoms of heart disease and hypertension, a compensation commissioner awarded him benefits under § 7-433c and related medical expenses. Subsequently, the plaintiff qualified for a supplemental award, under General Statutes § 31-308 (d), of "234 weeks of compensation representing a 30% permanent partial impairment of the cardiovascular system at the rate of $397.00 per week commencing on October 10, 1986 . . . ." On September 30, 1987, the plaintiff retired on a work related disability pension because of his heart disease.

Upon the plaintiff's retirement, the defendant discontinued the plaintiff's fringe benefits with regard to

Receive Workers' Compensation. Use of Second Injury Fund," provides: "In order to maintain, as nearly as possible, the income of employees who suffer employment-related injuries, any employer, as defined in section 31-275, who provides accident and health insurance or life insurance coverage for any employee or makes payments or contributions at the regular hourly or weekly rate for full-time employees to an employee welfare fund, as defined in section 31-53, shall provide to such employee equivalent insurance coverage or welfare fund payments or contributions while the employee is eligible to receive or is receiving workers' compensation payments pursuant to this chapter, or while the employee is receiving wages under a provision for sick leave payments for time lost due to an employment-related injury."

health and life insurance. Other retired Stamford fire-fighters, whose retirement is unrelated to § 7-433c, are entitled to such insurance in accordance with article XIX of an "Agreement [of the] City of Stamford and Local 786, International Association of Fire Fighters."[3] For an employee who incurs heart disease in the line of duty, § 31-284b (a) mandates that insurance benefits continue to be paid as long as the disabled worker "is eligible to receive or is receiving workers' compensation payments pursuant to . . . chapter [568 of the General Statutes]." The defendant maintains, however, that an employee receiving benefits under § 7-433c is not entitled to the same continued insurance benefits.

In *Felia* v. *Westport*, 214 Conn. 181, 571 A.2d 89 (1990), this court recently reviewed the relationship between § 7-433c and chapter 568. The crucial legislative instruction in § 7-433c is its provision that a disabled police officer or firefighter is entitled to "receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such . . . disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment." We construed § 7-433c to require that, once § 7-433c coverage is established, the measurement of an employee's economic benefits must be the same as the measure of damages for economic benefits provided to a disabled employee under chapter 568. Id., 185. Further, we held that the economic benefits to which a § 7-433c claimant is entitled include special benefits pursuant to General Statutes § 31-308 (d). Id., 186–87.

---

[3] Article XIX of the "Agreement [of the] City of Stamford and Local 786, International Association of Fire Fighters" provides health insurance benefits, such as hospital, medical and major medical coverage, as well as a group life insurance plan, for current and retired employees.

Our holding in *Felia* v. *Westport,* supra, leaves two questions to be resolved in this case. Generally, may a § 7-433c claimant, who is entitled to recover economic benefits denominated by the statute as "compensation" and "medical care," ever have a claim to recover fringe benefits? Specifically, may a § 7-433c claimant qualify for the fringe benefits provided in § 31-284b? We answer both of these questions in the affirmative.

As a general matter, once it is accepted that "compensation" in § 7-433c is to be measured in accordance with the provisions of chapter 568, we may look to the definitions in chapter 568 for guidance about the scope of "compensation" in § 7-433c. Except for a reference in § 7-433c's preamble to the intent to protect covered firefighters and police officers "against economic loss," § 7-433c contains no definition of "compensation." In chapter 568, however, General Statutes § 31-275 (14) defines "income" as "all forms of remuneration to an individual from his employment, including wages, accident and health insurance coverage, life insurance coverage and employee welfare plan contributions." It is appropriate to read these definitions conjointly, because they relate to the same subject matter. *Felia* v. *Westport,* supra, 187; *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 422, 426 A.2d 1324 (1980). Furthermore, the legislature expressly characterized fringe benefits, in § 31-284b (a), as an economic benefit designed "to maintain, as nearly as possible, the income of employees who suffer employment-related injuries." We are, therefore, persuaded that the economic benefits that qualify as "compensation" under § 7-433c may include fringe benefits, in appropriate circumstances.

The defendant contends, however, that the plaintiff in this case has not met the conditions for fringe benefits set by § 31-284b (a). The statute requires a disabled employee to make two showings. He must first estab-

lish that his employer provides "accident and health insurance or life insurance coverage for any employee." Concededly, the provisions of article XIX in the collective bargaining agreement between the defendant and the city firefighters satisfy this requirement. He must then establish that he "is eligible to receive or is receiving workers' compensation payments pursuant to this chapter." In that regard, the plaintiff's supplemental award in this case, as in *Felia* v. *Westport,* supra, is an award of benefits under § 31-308 (d).[4] The propriety of this compensation award is uncontested. During the 234 weeks of compensation for his permanent partial cardiovascular impairment, the plaintiff in this case is, therefore, receiving benefits "pursuant to this chapter." On this record, we agree with the compensation review division that the plaintiff is entitled to the payment of fringe benefits.[5]

There is no error.

In this opinion the other justices concurred.

---

[4] Although the record does not state the basis for the plaintiff's supplemental award, plaintiff's counsel at oral argument provided this background information, whose accuracy defense counsel did not contest.

[5] At oral argument before this court, defense counsel sought to interject an additional ground for denying the plaintiff's claim for relief under General Statutes § 31-284b (a). Although the issue was neither briefed nor, as far as the record discloses, raised before the compensation review division, the defendant now maintains that, because § 31-284b (a) in its present form was added to chapter 568 after the enactment of General Statutes § 7-433c, its terms cannot be included in any generic cross reference to chapter 568 in § 7-433c. We decline to consider this claim on its merits because of the failure properly to raise it below or to brief it here. See Practice Book § 4185; *State* v. *Rollinson,* 203 Conn. 641, 663, 526 A.2d 1283 (1987); *Weintraub* v. *Richard Dahn, Inc.,* 188 Conn. 570, 571–72, 452 A.2d 117 (1982); C. Tait, Connecticut Appellate Practice and Procedure (1989) § 7.9.