JOSEPH MISENTI *v.* INTERNATIONAL
SILVER COMPANY ET AL.
(13911)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued May 3—decision released June 5, 1990

*Kevin J. Maher,* with whom, on the brief, was *Colette Mauborgne* for the appellants (defendants).

*Markus L. Penzel,* for the appellee (plaintiff).

PETERS, C. J. The sole issue in this workers' compensation appeal is whether the plaintiff, Joseph Misenti, is entitled to receive permanent partial disability benefits, under General Statutes § 31-308 (b),[1] for the partial loss of use of his hands. A workers' compensation commissioner, after an evidentiary hearing, found that the plaintiff had proved his entitlement to such an award, and the compensation review division affirmed this award as factually and legally justified. The defendants International Silver Company and Liberty Mutual Insurance Company thereafter took a further appeal to the Appellate Court, which we transferred to this court in accordance with Practice Book § 4023. We uphold the validity of the plaintiff's compensation award.

The commissioner found that the plaintiff's employment as a plumber with the defendant International Silver Company from 1964 to 1983 exposed him to chemicals and mechanical friction that caused hand contact dermatitis compatible with psoriasis. The plaintiff's dermatitis manifested itself in intermittent symptoms of redness, scaling, skin thickening and cracking on both hands. As a result of this condition, the plaintiff has periodically been totally disabled. The plaintiff

---

[1] General Statutes (Rev. to 1987) § 31-308 (b) provides in pertinent part that "[w]ith respect to the following-described injuries the compensation, in addition to the usual compensation for total incapacity but in lieu of all other payments for compensation, shall be sixty-six and two-thirds per cent of the average weekly earnings of the injured employee, but in no case more than the maximum weekly benefit rate set forth in section 31-309, or less than twenty dollars weekly . . . (2) for the loss of the master hand at or above the wrist, or the complete and permanent loss of the use of said hand, two hundred and fifty-two weeks, and for such loss of the other hand or the use of said hand, two hundred and thirty-two weeks . . . ."

reached maximum medical improvement in October, 1983. At the present time, the plaintiff's hands are permanently partially disabled, in that restricted motion and desensitization of the hands and fingers prevent use of the hands for work as a plumber or for many other daily activities.

On the basis of these findings, the commissioner awarded the plaintiff 50 percent permanent partial disability of both his left and right hand. The commissioner also awarded $500 in fees to the physician on whose testimony he relied for his findings about the nature and the extent of the plaintiff's disability.

In their appeal to the compensation review division, the defendants did not contest the commissioner's finding that the plaintiff had suffered a compensable injury arising out of and in the course of his employment. Although they had raised evidentiary objections at the hearing before the commissioner, these objections were not cited as grounds for their appeal. The defendants' contention was, instead, that the plaintiff had failed to establish a disability of his hands, as opposed to his skin, and that he was therefore not entitled to recover specific benefits for impairment of his hands under § 31-308 (b). The review division considered and rejected these claims and affirmed the commissioner's finding and award.

The defendants have renewed, in the present appeal, the same basic contentions that they raised before the compensation review division.[2] In statutory terms, they

[2] The defendants allude also to a separate issue about the propriety of an award under General Statutes § 31-308 (b) for a claimant who has previously received a disfigurement award. Although the memorandum of decision of the compensation review division mentions that the plaintiff had previously received "a disfigurement award for fifteen weeks," the review division apparently was not asked to consider, and did not consider, the relationship between that award and the specific benefits awarded under § 31-308 (b). The defendants had not raised this issue in their reasons of

maintain that the plaintiff's condition made him eligible for an award of special damages for an unscheduled loss under § 31-308 (d)[3] rather than an award for a specific scheduled loss under § 31-308 (b). They challenge both the factual finding that the plaintiff's injury resulted in any loss of use of his hands, and the legal conclusion that such a disability is compensable under § 31-308 (b) when its origins are dermatological, rather than orthopedic or neurological. We are unpersuaded.

In his determination of whether the plaintiff had established a permanent impairment of his hands, the commissioner was entitled to rely on the evidence presented by Steven R. Cohen, a dermatologist who has treated the plaintiff from 1980 to 1984. Cohen described in detail the history and the etiology of the chronic skin condition that has led to the plaintiff's permanent partial impairment. In his medical judgment, that impairment has resulted in the plaintiff losing 50 percent of the use of his hands. As a consequence of the plaintiff's skin condition, Cohen stated, the motion of the fingers of the plaintiff's hands has become restricted. The commissioner could reasonably have found this evidence more persuasive than that of the defendants' derma-

appeal from the compensation commissioner. Indeed, the defendants have not separately identified this issue in their brief in this court. We decline to consider the merits of a claim that was not properly raised below or briefed here. See *Deschnow* v. *Stamford,* 214 Conn. 394, 399 n.5, 572 A.2d 345 (1990), and authorities therein cited.

[3] General Statutes § 31-308 (d) provides in pertinent part that "[i]n addition to compensation for total or partial incapacity for a specific loss of a member or loss of use of the function of a.member of the body the commissioner may award such compensation as he deems just . . . for the loss or loss of use of the function of any organ or part of the body not otherwise provided for herein, taking into account the age and sex of the claimant, the disabling effect of the loss of or loss of function of the organ involved and the necessity of the organ or complete functioning of the organ with respect to the entire body, but in no case more than the sum equivalent to compensation for seven hundred and eighty weeks."

tologist, who examined the plaintiff only once, and who, despite acknowledging the severity of the plaintiff's chronic skin condition, determined that, on the date of his examination, he could see no permanent impairment and no loss of use or function of the plaintiff's hands. "The credibility of 'expert witnesses and the weight to be accorded to their testimony are within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably believes to be credible.' *New Haven Water Co.* v. *Board of Tax Review,* 166 Conn. 232, 240, 348 A.2d 641 (1974) . . . ." *Ferri* v. *Pyramid Construction Co.,* 186 Conn. 682, 690, 443 A.2d 478 (1982). We agree with the compensation review division, therefore, that the record supports the commissioner's factual finding.

The defendants' alternate claim is that, as a matter of law, a functional impairment of the hands does not qualify for specific benefits unless the claimant's disability can be traced to an orthopedic or neurological cause. This contention has no foundation whatsoever in the text of the governing statutes. Because the Workers' Compensation Act is a remedial statute, this court should not impose limitations on the benefits provided for a disabled worker that the statute itself does not clearly specify. *Costello* v. *Fairfield,* 214 Conn. 189, 194, 571 A.2d 93 (1990); *Kinney* v. *State,* 213 Conn. 54, 59, 566 A.2d 670 (1989); *Castro* v. *Viera,* 207 Conn. 420, 435, 541 A.2d 1216 (1988). Furthermore, the compensation review division's rejection of this claim of law is, at the very least, a reasonable construction of § 31-308 (b) "that warrants respect as the considered judgment of the governmental agency vested with primary authority for enforcing our workers' compensation statutes." *Felia* v. *Westport,* 214 Conn. 181, 188, 571 A.2d 89 (1990); see also *Texaco Refining & Marketing Co.* v. *Commissioner of Revenue Services,* 202

Conn. 583, 599, 522 A.2d 771 (1987); *New Haven* v. *United Illuminating Co.,* 168 Conn. 478, 493, 362 A.2d 785 (1975).

The judgment of the compensation review division is affirmed.

In this opinion the other justices concurred.