# CLAUDIA WALTER ET AL. *v.* STATE OF CONNECTICUT, SERVICES FOR THE BLIND
## (AC 19754)

Lavery, C. J., and Landau and Schaller, Js.

Argued October 23, 2000—officially released April 24, 2001

*Brian W. Prucker*, for the appellants (plaintiffs).

*Philip M. Schulz*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiffs, Claudia Walter and Dana Walter, surviving dependents of Norbert Walter, appeal from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner)

to dismiss their claim for death benefits. On appeal, the plaintiffs claim that the board improperly (1) reversed the decision of the commissioner to grant their motion to preclude that was based on the defendant's failure to name the plaintiffs in its notice to contest liability, (2) failed to require proof of service of the notice to contest as required by statute, (3) granted the defendant's motion to open and (4) failed to find that the defendant did not have good cause for failing to file opposing affidavits as required by § 31-297 (b)-1 of the Regulations of Connecticut State Agencies. We affirm the decision of the board.

The following facts and procedural history are relevant to our disposition of this appeal. The plaintiffs are the widow and daughter, respectively, of the decedent, Norbert Walter, who died on November 13, 1989. The decedent was employed by the defendant, the state of Connecticut Services for the Blind, at the time of his death. On January 18, 1990, the plaintiffs filed claims with the workers' compensation commissioner for the second district for death benefits pursuant to General Statutes § 31-306. In response, the defendant filed a notice of intent to contest liability and mailed a copy to the decedent at his last home address. Thereafter, the plaintiffs filed a motion to preclude the defendant from contesting liability on the ground that the defendant's notice failed to name the proper claimants, namely, the plaintiffs, rather than the decedent.

The first hearing was held on December 16, 1992. No representative of the office of the attorney general, counsel for the defendant, attended the hearing. Subsequently, the defendant moved to open the record and to submit additional evidence with respect to the claims, alleging that the failure to appear at the hearing occurred because of lack of timely notice. The commissioner granted the motion on April 6, 1993, and allowed

the defendant to submit its disclaimer[1] of liability and briefs. On April 16, 1993, the plaintiffs appealed to the board from the decision on the motion to open.

The commissioner subsequently issued a decision on the motion to preclude, finding that the plaintiffs were both supported by the decedent who, at the time of his death, was an employee of the state of Connecticut, and that the notice contesting liability named the wrong party as claimant and was not sent to the proper parties. After further hearings, the commissioner granted the plaintiffs' motion to preclude the defendant from contesting liability in a decision dated May 28, 1993. The defendant appealed to the board from that decision, and the board held a hearing on November 18, 1994, concerning the commissioner's decisions on the motion to open and the motion to preclude.

In its decision issued June 2, 1995, the board affirmed the commissioner's decision granting the defendant's motion to open the record and to submit additional evidence, and reversed the decision granting the plaintiffs' motion to preclude. The board remanded the case to the commissioner for a determination on the merits of the claim for death benefits. The commissioner held three more formal hearings to adjudicate the merits of the claim. The commissioner subsequently issued a finding and dismissed the plaintiffs' claim for death benefits on March 3, 1998.

The plaintiffs appealed to the board from the commissioner's decision dismissing their claim. The plaintiffs, however, did not challenge the findings and conclusions of the commissioner with regard to that ruling. Instead, the plaintiffs alleged that the board's June 2, 1995 deci-

---

[1] A disclaimer is known as a form 43, is filed pursuant to General Statutes (Rev. to 1989) § 31-297 (b) and notifies the plaintiffs of an intent to contest liability to pay compensation. See *Tovish* v. *Gerber Electronics*, 19 Conn. App. 273, 274, 562 A.2d 76, cert. denied, 212 Conn. 814, 565 A.2d 538 (1989).

sion was improper. Specifically, they claimed that the board improperly affirmed the commissioner's decision granting the state's motion to open and improperly reversed the decision granting their motion to preclude. On June 18, 1999, the board affirmed the commissioner's decision to dismiss the claim. The plaintiffs now appeal from that decision. Additional facts and procedural history will be set forth as necessary.

I

The plaintiffs first claim that the board improperly reversed the commissioner's decision to grant their motion to preclude that was based on the defendant's failure to name the plaintiffs in its notice to contest liability. Specifically, they argue that a failure to send a notice of contest to the proper claimants violates General Statutes § 31-321[2] and General Statutes (Rev. to 1989) § 31-297 (b),[3] and, thus, the commissioner's decision to grant the motion to preclude was proper. We disagree.

---

[2] General Statutes § 31-321 provides: "Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under this chapter to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally or by registered or certified mail addressed to the person upon whom it is to be served at his last-known residence or place of business. Notices in behalf of a minor shall be given by or to his parent or guardian or, if there is no parent or guardian, then by or to such minor."

[3] General Statutes (Rev. to 1989) § 31-297 (b) provides: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability."

"As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . Where . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Citations omitted; internal quotation marks omitted.) *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 603–604, 748 A.2d 278 (2000). Because the question of whether the notice requirements in §§ 31-297 (b) and 31-321 apply to claimants is an issue of statutory construction that has not yet been subjected to judicial scrutiny, we exercise our plenary power to review this administrative decision.

"The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) Id., 604.

Further, "[w]e are mindful of the principles underlying Connecticut practice in [workers'] compensation cases: that the legislation is remedial in nature . . . and that it should be broadly construed to accomplish

its humanitarian purpose." (Citation omitted; internal quotation marks omitted.) *Dubois* v. *General Dynamics Corp.*, 222 Conn. 62, 67, 607 A.2d 431 (1992). "The Workers' Compensation Act [General Statutes § 31-275 et seq.] (act) provides the sole remedy for employees and their dependents for work-related injuries and death. . . . Its purpose is to provide a prompt, efficient, simple and inexpensive procedure for obtaining benefits related to employment. . . . Furthermore, the act is remedial and must be interpreted liberally to achieve its humanitarian purposes. . . . In addition, inherent in the act is its analog to the judicial policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Citations omitted; internal quotation marks omitted.) *Pietraroia* v. *Northeast Utilities*, 254 Conn. 60, 74, 756 A.2d 845 (2000).

Neither § 31-297 (b) nor § 31-321 expressly provides for notice to claimants who are not employees. Both statutes refer to notice requirements applicable to employers, employees or the commissioner. "The entire statutory scheme of the Workers' Compensation Act is directed toward those who are in the employer-employee relationship as those terms are defined in the act and discussed in our cases." *Castro* v. *Viera*, 207 Conn. 420, 433, 541 A.2d 1216 (1988).

At the outset, we note that the express language of both §§ 31-297 (b) and 31-321 is plain and unambiguous. Section 31-321 provides in relevant part that "any notice required under this chapter [is] to be served upon an employer, employee or commissioner . . . ." Section 31-297 (b) provides in relevant part that "the employer . . . shall file with the compensation commissioner . . . a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and

the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. . . ." The statutes at issue do not expressly provide for notice to "claimants."

The absence of a term from the language of a statute can be telling. See *Mahoney* v. *Lensink*, 213 Conn. 548, 569, 569 A.2d 518 (1990). Although workers' compensation statutes commonly use the terms "claimant" and "dependent," §§ 31-297 (b) and 31-321 do not expressly provide for notice to either claimants or dependents. "In construing a statute, common sense must be used, and the courts will assume that the legislature intended to accomplish a reasonable and rational result . . . . A statute . . . should not be interpreted to thwart its purpose." (Internal quotation marks omitted.) *Police Dept.* v. *State Board of Labor Relations*, 225 Conn. 297, 303, 622 A.2d 1005 (1993). "It is well established that the Workers' Compensation Act is remedial in nature and that it should be broadly construed to accomplish its humanitarian purpose. . . . Construing the statute liberally advances its underlying purpose of providing financial protection for injured workers and their dependents." (Citations omitted; internal quotation marks omitted.) *Crook* v. *Academy Drywall Co.*, 219 Conn. 28, 32, 591 A.2d 429 (1991). We are also mindful that "[t]he court may not, by construction, supply omissions in a statute or add exceptions or qualifications, merely because it opines that good reason exists for so doing. . . . This is especially so where it appears that the omission was intentional. . . . In such a situation, the remedy lies not with the court but with the General Assembly." (Citations omitted.) *Bailey* v. *Mars*, 138 Conn. 593, 598, 87 A.2d 388 (1952).

The defendant argues that the absence of an express requirement that notice of a disclaimer of liability be sent to the claimants may be interpreted to mean that there is no requirement whatsoever for notice of the

filing of a disclaimer. If we were to apply the limited construction proposed by the defendant, workers' compensation law would impose no requirement that dependent claimants receive notice of a contested claim. This would run counter to the "underlying purpose of providing financial protection for injured workers and their dependents." *Crook* v. *Academy Drywall Co.*, supra, 219 Conn. 32. Claimants are therefore entitled to notice of the fact that the employer has filed a notice contesting liability. This notice requirement does not mandate, however, that the plaintiffs be allowed to resort to a motion to preclude. We note, significantly, that a motion to preclude is unavailable for the failure of an employer to send notice contesting liability to the employee within the twenty day time period, as long as the notice is timely filed with the commissioner. See *Vachon* v. *General Dynamics Corp.*, 29 Conn. App. 654, 659, 617 A.2d 476 (1992), cert. denied, 224 Conn. 927, 619 A.2d 852 (1993).

In *Vachon*, this court stated that "[t]he language of [§ 31-297 (b)] is plain and unambiguous. In drafting the statute, the legislature mandated only that the notice contesting liability be filed within twenty days. General Statutes § 31-297 (b). It then provided that failure to comply would result in the preclusion of employer defenses. . . . *The legislature did not provide any form of penalty for the failure to send such notice to the claimant, but limited the invocation of preclusion to the failure to file notice contesting liability with the commission.* Id. If it intended to require the employer to send notice contesting liability to the employee within the twenty day period, it would have said so in the statute. The legislature would have included the phrase 'on or before the twentieth day after he has received a written notice of claim' after the phrase 'a copy thereof shall be sent to the employee' if it intended to place that time limitation on notification of contest to the

claimant by the employer. To avoid preclusion, notice contesting liability must be filed within twenty days with the workers' compensation commissioner. The employer is not required to send such notice to the employee within the twenty day time period." (Citation omitted; emphasis added.) Id.

The plaintiffs in the present case assert rights to death benefits guaranteed by § 31-306. A decision imposing no notice of a disclaimer of liability to those who claim death benefits would be contrary to the remedial purpose of the Workers' Compensation Act and does not "liberally [advance] its underlying purpose of providing financial protection for injured workers and their dependents." *Crook* v. *Academy Drywall Co.*, supra, 219 Conn. 32. The plaintiffs, therefore, are entitled to adequate notice. We have stated in the context of other agency proceedings that the "[f]ailure to provide prehearing notice prevents interested parties from becoming involved in the hearing process. Notice is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing." (Internal quotation marks omitted.) *Woodburn* v. *Conservation Commission*, 37 Conn. App. 166, 177, 655 A.2d 764, cert. denied, 233 Conn. 906, 657 A.2d 645 (1995). Barring express notice requirements, we find this statement of "adequate notice" persuasive.

Our interpretation that the claimant is entitled to "adequate notice" is supported by a consideration of the severe consequences that accompany the granting of a motion to preclude pursuant to § 31-297 (b). "In the absence of a clearly expressed statutory provision to the contrary, the sanction of the conclusive presumption that the employer has accepted the compensability of an alleged injury and forfeited the right to contest compensability should apply only where the employer

has failed timely to file the notice that he is contesting liability and should not by judicial construction be made applicable in such a case as this where the employer has within the time limited filed the notice of contest and expressly disclaimed liability." *Menzies* v. *Fisher*, 165 Conn. 338, 357, 334 A.2d 452 (1973).

There is little doubt that the notice provided to the plaintiffs of the disclaimer of liability was adequate. As stated by the board, "[i]n this case, the state provided timely notice of its intent to contest compensability with the Workers' Compensation Commission via certi-fied mail as required by § 31-297 (b) and § 31-321. The state also mailed copies of said notice to the decedent's address, which also happened to be the [plaintiffs'] address. The state fell short only with respect to the statutory requirement that the name of the claimant be included in the form 43, which requirement was cer-tainly not clear from the form 43 itself. Moreover, there has been no showing that the [plaintiffs] have suffered prejudice from this deficiency. Indeed, it is clear that the [plaintiffs] were in receipt of the defective notice when their motion to preclude was filed on February 20, 1992. Given these circumstances, we believe that it would be . . . inequitable to rule that § 31-297 (b) was not satisfied by the state in this case." We note also that the form 43 notice of contest prescribed by the commissioner did not include a block for the claimant's name. The defendant, therefore, completed the form with the decedent employee's name and last known address. The form was then sent to the decedent at his address, which was also the plaintiffs' address. We cannot conclude that a failure to send a copy of the notice of contest to the dependent plaintiffs, when a notice is sent to the decedent employee at the same address, is ineffective for purposes of notice. Moreover, *Vachon* does not allow a claimant to resort to the drastic remedy of preclusion for the failure of the employer to

provide notice to the claimant within twenty days. The board, thus, properly reversed the commissioner's decision granting the motion to preclude.[4]

## II

The plaintiffs next claim that the board improperly failed to require proof of service of the notice of contest as required by statute and, instead, improperly took administrative notice of the contents of the file.[5] We are not persuaded.

The following additional facts are relevant to this issue. At the December 16, 1992 hearing, counsel for the plaintiffs admitted that the plaintiffs had received the notice of contest.[6] The plaintiff Claudia Walter testified at the December 16 hearing that she was residing at the decedent's address at the time of his death. The notice of contest was sent to that address.

As stated previously, there is no requirement that claimants receive notice of contest within a set time

---

[4] The defendant argues that substantial compliance with the notice of contest provision should govern our decision in this case. It is unlikely that the substantial compliance theory, utilized to ascertain whether a notice of claim filed by a claimant is "sufficient to allow the employer to make a timely investigation of the claim [and, therefore,] triggers the employer's obligation to file a disclaimer"; (internal quotation marks omitted) *Russell* v. *Mystic Seaport Museum, Inc.*, supra, 252 Conn. 612; is applicable to a notice of contest. In a notice of claim, the employee or an employee's dependent, an intended beneficiary of the act, is seeking compliance with notice requirements. In a notice of contest, it is the employer, not an intended beneficiary of the act, who is seeking compliance with notice requirements. Thus, the justification for liberally construing the notice provision to serve one who is not an intended beneficiary of the act would not apply.

[5] At the April 30, 1993 hearing, the commissioner took notice of the fact that the form 43s were stamped "received certified" by the workers' compensation district office when no green card could be produced establishing that the forms were sent by certified mail. As stated in part I of this opinion, this cannot provide a basis for granting a motion to preclude.

[6] During one of the hearings, counsel for the plaintiffs stated that "[t]here was a disclaimer, commissioner. I would leave them to their proof whether or not it was properly served, but it would be our position if it was, that they served the wrong party."

period, and the penalty of preclusion is not available unless the notice of contest is not timely filed with the commissioner. Because we conclude that the plaintiffs in this case were not specifically entitled to the benefit of notice under § 31-297 (b), we conclude that the commissioner did not improperly determine, on the basis of administrative notice of the file, that notice had been given, rather than requiring proof of service on the dependent plaintiffs.

## III

The plaintiffs further claim that the board improperly affirmed the commissioner's decision to grant the defendant's motion to open on the ground that the office of the attorney general was not properly notified of the formal hearing. We disagree.

"While a workers' compensation award may, under the appropriate circumstances, be opened, the decision to do so . . . is within the sound discretion of the commissioner." *Tutsky* v. *YMCA of Greenwich*, 28 Conn. App. 536, 541, 612 A.2d 1222 (1992). That discretion is further supported by "General Statutes § 31-298 [which] provides . . . that [i]n all cases and hearings under the provisions of [the Workers' Compensation Act], the commissioner shall proceed, so far as possible, in accordance with the rules of equity. . . . Our Supreme Court has stated that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." (Internal quotation marks omitted.) *LaPia* v. *Stratford*, 47 Conn. App. 391, 400, 706 A.2d 11 (1997). General Statutes § 31-298 empowers "the commissioner to ascertain the substantial rights of the parties and carry out the provisions and intent of the workers' compensation laws . . . . The substantial rights of the parties include the right of the employer, in an appropriate case, independently to examine the claimant, to notice his deposi-

tion, and to insist on hearing his personal testimony at a formal hearing." (Internal quotation marks omitted.) *Pietraroia* v. *Northeast Utilities*, supra, 254 Conn. 72. "[M]ere inadvertence on [the claimant's] part, mere negligence, without intentional withholding of evidence, particularly where there is no more than technical prejudice to the adverse party, should not necessarily debar him of his rights, and despite these circumstances a commissioner in the exercise of his discretion might be justified in opening an award. No definite rule can be formulated, but the policy that litigation should be brought to as speedy an end as is reasonably compatible with justice to the parties, prejudice or lack of it to the opposing party, the conduct of the party seeking to open the award, particularly with regard to any reason he may have for not having produced the evidence at the original hearing, the nature of the testimony and its probable effect upon the conclusion reached, and the other relevant circumstances must all be considered." (Internal quotation marks omitted.) *Meadow* v. *Winchester Repeating Arms Co.*, 134 Conn. 269, 274, 57 A.2d 138 (1948).

"As [our Supreme Court has] indicated, a speedy and effective workers' compensation system is fostered by the recognition that parties frequently retain counsel to represent them. . . . [T]he fact is that the founders recognized that parties to workers' compensation proceedings have the right to retain counsel, and the free exercise of that right never has been discouraged. . . . [The commissioners] recognize . . . the right of the parties to have counsel in any case, and in cases involving difficult questions of law and fact, and considerable amounts, they believe that injured parties and employers . . . are entitled to have all the light that can be secured, and that not only may the interests of the employer require expert assistance, but that it may be as unwise for an injured employee to try to handle his

own claim for compensation as to attempt to heal his physical ills without a doctor." (Citation omitted; internal quotation marks omitted.) *Schreck* v. *Stamford*, 250 Conn. 592, 600, 737 A.2d 916 (1999).

The board concluded that "[i]n this case, the commissioner's decision to open the record was supported by the fact that the attorney general's office was not properly notified of the formal hearing. Moreover, the commissioner had not yet issued an award based on the claimants' motion to preclude, so the commissioner was not disturbing a final judgment when he allowed the state to file its brief and request that administrative notice be taken of its forms 43. Although the claimants allege prejudice, there is no evidence that they were unfairly burdened in any way by the commissioner's decision, as they were well aware of the allegedly defective forms 43 when their motion to preclude was filed."

We conclude that the commissioner did not abuse his discretion in granting the defendant's motion to open. At best, the plaintiffs allege only a technical prejudice in opening the record. At the time that the commissioner granted the motion to open, an award had not yet been issued. The result of the decision to grant the motion to open resulted in a hearing on the merits of the claim, rather than the conclusive presumption of liability provided by a granting of a motion to preclude. "It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) *East Haven* v. *Paranto*, 2 Conn. App. 449, 454, 479 A.2d 1225 (1984). We, therefore, conclude that the commissioner properly exercised his discretionary power under § 31-298 in granting the defendant's motion to open.

## IV

The plaintiffs' final claim is that the board improperly failed to determine that the defendant did not have good

cause for failing to file opposing affidavits as required by § 31-297 (b)-1 of the Regulations of Connecticut State Agencies. We disagree.

Section 31-297 (b)-1 of the Regulations of Connecticut State Agencies provides: "Whenever a party files a Motion to Preclude presentation of defenses, alleging rights under Sec. 31-297 (b) [of the General Statutes], *the movant shall support such filing by such documents as are appropriate, including but not limited to affidavits,* copies of notices with return receipt indicating date of service and written admissions. The movant shall also file a memorandum of law in support of such motion. *The adverse party* prior to the date set for hearing on such motion *shall file opposing affidavits* and any further documentation and memoranda of law. All such motions and accompanying filings and memoranda shall be filed and served on all parties. *Upon good cause shown the Commissioner may waive any of these requirements.*" (Emphasis added.)

None of the parties in this case submitted affidavits as authorized by § 31-297 (b)-1, and none raised the issue before the commissioner. We have long held that "[a] party to an administrative proceeding cannot be allowed to participate fully at hearings and then, on appeal, raise claims that were not asserted before the board. We have made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial." (Internal quotation marks omitted.) *Dragan* v. *Connecticut Medical Examining Board*, 223 Conn. 618, 632, 613 A.2d 739 (1992). The plaintiffs, therefore, may not raise the defendant's failure to file opposing affidavits when they themselves failed to comply with the statutory provisions and did not challenge the defendant's alleged failure before the commissioner or the board.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.