## No. 27,703.

EDNA RUTH ROUTH, a Minor, by Her Guardian, ETHEL ROUTH, *Appellant*, v. THE LIST & WEATHERLY CONSTRUCTION COMPANY, *Appellee*.

(257 Pac. 721.)

### SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT — *Dependent — Child Unborn at Time of Accident.* An unborn child at the time of the accident which resulted in the injury and later in the death of its father, a workman, is a dependent and entitled to death benefits under the workmen's compensation law of Kansas.

2. SAME — *Right of Action by Workman as Separate from Right of Dependents Where Death Results.* The Kansas workmen's compensation act creates a right of action in the injured workman for his suffering and loss resulting from the injury, and also creates a distinct and separate right of action in the dependents of the workman for their benefit in the event death results from the injury.

3. SAME — *Settlement and Release by Workman — Effect on Right of Dependents After Death.* A release given by the injured workman in full settlement under the Kansas compensation law after the injury and prior to his death, for his suffering and loss, is not a bar to the action by the dependents for their benefit for the death of the workman if it results from the injury.

4. SAME—*Authorized Deductions.* The deduction authorized by the statute to be made from the allowance given dependents under the workmen's compensation law of Kansas is any and all payments already made under this act by the employer to the injured workman on account of the injury from which death resulted, except medical and hospital fees.

Appeal from Sedgwick district court, division No. 1; J. EVERETT ALEXANDER, judge. Opinion filed July 9, 1927. Reversed.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sidney L. Foulston, Lester L. Morris* and *Joe T. Rogers,* all of Wichita, for the appellant.

*Hal M. Black* and *Arnold C. Todd,* both of Wichita, for the appellee.

*C. H. Brooks, Willard Brooks* and *Howard T. Fleeson,* all of Wichita, as *amici curiæ.*

The opinion of the court was delivered by

HUTCHISON, J.: This is an action by a minor, commenced in the district court of Sedgwick county by her guardian against the de-

Workmen's Compensation Acts, C. J. pp. 56 n. 27, 29, 57 n. 39, 99 n. 52. 54, 58 new, 103 n. 14 new; 13 A. L. R. 706; 30 A. L. R. 1265; 35 A. L. R. 1074; 39 A. L. R. 319.

Routh v. List & Weatherly Construction Co.

fendant corporation, seeking to recover under the workmen's compensation law of Kansas as a dependent of her father on account of his death having resulted from injuries received while in the employ of the defendant. It was tried upon an agreed statement of facts and judgment was rendered in favor of the defendant, from which plaintiff appeals.

The injury occurred on August 1, 1925. Suit was filed by the injured workman against the defendant company September 23, 1925. Settlement for the sum of $3,000 was made on November 6, 1925, at which time the suit was dismissed with prejudice, the $3,000 paid, and a full release was signed by him and his wife. Prior to the settlement there had been paid to him by the defendant $131.33 as compensation and $150 as medical and hospital fees. At the time of the accident, August 1, 1925, the wife of the workman was pregnant, and the child, plaintiff herein, was born March 12, 1926. The workman, as a direct result of the injuries received on August 1, 1925, died July 4, 1926. The workman had been in the employ of the defendants for several months prior to the injury and his average weekly earnings during such period were in excess of $25 per week.

The issues involved center around three points: First, Is a child born after the accident but prior to the death of its father, the workman, a dependent and entitled to death benefits? Second, Does the release given by the workman of his claim for injuries under the workmen's compensation act bar a recovery by the dependents of death benefits? And third, What are the proper deductions, if any, authorized by statute from the death benefits?

The following is the part of the workmen's compensation act of Kansas upon which this action is based:

"The amount of compensation under this act shall be: 1. *Treatment and care of injured employees.* On demand, the employer shall pay the cost, not exceeding $150, of a physician and all such medical, surgical and hospital treatment. . . . 2. *Where death results from injury.* (a) If a workman leaves any dependents wholly dependent upon his earnings, a sum equal to three times his average yearly earnings, computed as provided in section 4 of this act, but not exceeding thirty-eight hundred dollars ($3,800) and not less than fourteen hundred dollars ($1,400): *Provided,* That any payment under this act on account of any injury from which death shall thereafter result, except such payments as may be made under paragraph 1 of this section, shall be deducted from such sum. . . . 3. *Where death does not result from the injury.* (a) Where total permanent disability results from the injury. . . ." (R. S. 44-510.)

R. S. 44-508 defines the word dependents as follows: " 'Dependents' means such members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident." This section further defines the term members of the family to·include children and the word children to include stepchildren.

Another section requiring special consideration herein is as follows:

. "The cause of action shall be deemed in every case, including a case where death results from the injury, to have accrued to the injured workman or his dependants or legal representatives at the time of the accident; and the time limit in which to commence an action for compensation therefor shall run as against him, his legal representatives and dependents from the date of the accident." (R. S. 44-535.)

The plaintiff is frequently referred to in this case as a posthumous child. Strictly speaking, it is not such, as it was born before the death of its father. Many of the citations given are not helpful · in Kansas, because we find many of the compensation laws in other states specifically mention a posthumous child as being included in the term family, but ours only uses the word children, and then states that it includes stepchildren. The section last above quoted leaves no room for debate as to the time when the cause of action under our compensation law accrues. It is at the time of the accident, for dependents as well as all others. The situation may be somewhat different as to dependents after the death of the workman; for instance, a child living at the time of the accident may have died before the death of the workman, or a wife may have been divorced between those dates. But whatever may have occurred between those two dates the cause of action must have accrued at the time of the accident. Was the plaintiff in this case a dependent at the time of the accident?

"For certain purposes, indeed for all beneficial purposes, a child *en ventre sa mere* is to be considered as born. . . . It is regarded as *in esse* for all purposes beneficial to itself, but not to another. . . . Formerly this rule would not be applied if the child's interests would be injured thereby . . . but, for the purpose of the rule against perpetuities, such a child is now regarded as a life in being, even though it is prejudiced by being considered as born. . . . Its civil rights are equally respected at every period of gestation." (1 Bouvier, 1038.)

"A child *en ventre sa mere* at the time of the father's death is deemed to have been born so far as it is for the benefit of such child, and will be entitled · to claim compensation as a legal dependent, providing the child is legitimate;

Routh v. List & Weatherly Construction Co.

and the posthumous child of a deceased workman would have the same rights to compensation as other children." (Harper, Workmen's Compensation, 2d ed., p. 261.)

"Where the father of the unborn child of an unmarried woman publicly expressed his intention to marry the woman and four days prior to the marriage was killed, it was held that the child was entitled to an award for total dependency." (1 Schneider on Workmen's Compensation Law, p. 961.)

We conclude that the plaintiff is a dependent within the meaning of the law and is entitled by her guardian to maintain an action in this case as such.

Does the release given by the workman bar dependents of death benefits? It will if the action of the dependent is in the nature of a revivor of the action the workman could have maintained in his lifetime, because he by his release effectually settled and forever disposed of any and all claims he had at the time of giving the release or could have had at any future time, because under the statute the cause of action accrues at the time of the accident. If there can be only one recovery and no more, and the action of the dependent is intended as a substitute for the action by the workman himself if he had lived, then the release must be a bar to a recovery by the dependent. Two well considered cases in our own state place constructions upon two similar statutes from which decisions, comparisons and distinctions can readily be made. In the case of *Sewell v. Railway Co.*, 78 Kan. 1, 96 Pac. 1007, where the action was brought by the widow against the railway company under the statute for death by wrongful act, it was said in the opinion:

"Essentially the two causes of action referred to, although based upon the same wrongful act, are separate and distinct. Logically there is no reason why two actions should not be instituted and prosecuted to a conclusion—one by the injured person for the loss that results to him from the defendant's wrong, and the other by those dependent upon him on account of the support of which they are deprived by his death, just as each spouse may sue for damages consequent upon a tortious injury done to the wife. A plausible argument might originally have been made that such was the purpose and effect of the Kansas statute (inasmuch as it provides [Civ. Code, § 420] that causes of action for injuries to the person shall survive), and that where the plaintiff in the first action died it might be revived and prosecuted to judgment for the benefit of his estate generally, while the second action might also be maintained for the benefit of those immediately dependent upon him. Under such a statute or such a construction it might well be asserted that the two causes of action were entirely separate and the waiver or satisfaction of one would not affect the other. But in *McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46, 52, 26 Am. Rep. 742, it was decided

15—124 Kan.

that the second action was in a sense a substitute for the first—that the first expired beyond revivor whenever the second accrued by the death of the plaintiff in consequence of the tort sued upon. This view is in accordance with the interpretation usually put upon similar statutes—that while the two causes of action are not the same, one depends upon the other, and any consideration that would be a bar to the first in the lifetime of the plaintiff would destroy the second." (p. 12.)

In the case of *McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46, the distinction therein drawn was between actions that survive under our statute and actions brought in the first place directly under the statute for death by wrongful act. These statutes are as follows:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same." (R. S. 60-3201.)

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." (R. S. 60-3203.)

The effect of these decisions is there cannot be two actions or two recoveries under the sections last above quoted. In some instances there may be either, but certainly not both. It will be observed, however, the last section quoted above applies necessarily to actions by personal representatives, and it applies only in cases of death, so that there could be no suggestion even of any other kind of an action under it than that by the personal representative for and on account of the death. The only alternative in this connection at all is from the fact that the preceding sections of our statutes, entirely disconnected as far as time of enactment is concerned, define causes of action that survive and do not abate by the death of the party.

The other case referred to is *Goodyear, Administratrix, v. Railway Co.*, 114 Kan. 557, 220 Pac. 282, wherein, after a full and careful review of the decisions and the history of the act, the following construction is placed upon the federal employers' liability act:

"The federal employers' liability act (35 U. S. Stat., ch. 149, as amended by 36 U. S. Stat., ch. 143) creates a right of action in the injured employee for his suffering and loss resulting from the injury, and also creates a distinct

Routh v. List & Weatherly Construction Co.

and independent right of action in the personal representative of the deceased employee in the event death results from the injury, for the benefit of certain designated dependents.

"A settlement made by the injured employee after the injury and prior to his death, for his suffering and loss, is not a bar to the action by the personal representative for the benefit of dependents for the death, if it resulted from the injury." (Syl. ¶¶ 1, 2.)

It is forcefully reasoned therein that if these are two separate and distinct causes of action and the latter does not accrue until the death of the workman, how can he release something which does not accrue in his lifetime and only accrues by reason of his death. In this case and others cited in this connection statements are made as to the rights of the dependents accruing at and after the death of the workman which might be thought to be out of harmony with our statute, above quoted, to the effect that all actions accrue at the date of the accident. We see no inconsistency on that account. The right of action of dependents does accrue at the time of the accident, and everything must relate back to the situation at that time, but dependents have no standing or independent right of action while the workman is living. After his death they have such right of action, which in that sense does accrue after the death of the workman. The two sections of the federal employers' liability act on which this construction has been placed are as follows:

"Every common carrier by railroad while engaging in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia and any of the states or territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee. . . ." (35 U. S. Stat., ch. 149, § 1.)

"Any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury." (36 U. S. Stat. ch. 143, § 9.)

The Kansas workmen's compensation act separates the two causes of action much more distinctly than in the federal employers' act, and designates them with numbers 2 and 3, and instead of saying "there

shall be only one recovery for the same injury," as in the federal act, it provides for a deduction of what has been paid to the workman for the injury. This section providing for deduction appears to us to be the strongest kind of an argument in favor of there being two separate and distinct causes of action included in this law, and something to supplement the sound reasoning in the case construing the federal act. It is contended that the deductions intended were the installments being paid for the few weeks or months intervening between the accident and the death, but the language is general and without restrictions or limitations except medical and hospital bills.

We think for all the reasons given in the Goodyear case and additional ones as above pointed out the workmen's compensation act of Kansas creates a right of action in the injured employee for his suffering and loss resulting from the injury, and also creates a distinct and separate right of action in the dependents of the workman for their benefit in the event death results from the injury; and a release given by the injured workman after the injury and prior to his death for his suffering and loss is not a bar to the action by the dependents for their benefit for the death of the workman if it results from the injury. (See 1 Honnold on Workmen's Compensation, § 78; Crippe's Case, 216 Mass. 586; *Sea Gull Specialty Co. v. Snyder,* [Md.] 134 Atl. 133.)

What deduction, if any, should be made under the requirement of the statute above quoted?

*"Provided,* That any payment under this act on account of any injury from which death shall thereafter result, except such payments as may be made under paragraph 1 of this section, shall be deducted from such sum."

It will be observed this provision is a part of the section giving the dependent a right of action where death results from the injury. It is suggested that only that amount which should have been paid on the weekly installment plan is intended to be deducted, and not the compromise settlement amount or lump sum, but we fear this would be a strained construction of the words, "any payment under this act." There does not seem to us to be any ambiguity or uncertainty about the meaning of this provision. The language is plain and simple. It means to deduct from the recovery of the dependents any and all payments already made under this act on account of the injury from which death has resulted except medical

Routh v. List & Weatherly Construction Co.

and hospital bills, as detailed and enumerated in paragraph 1. In this case $150 was paid as medical and hospital fees, $131.33 was paid in installments prior to the settlement and release, and $3,000 was paid at the time of the settlement, making a total payment to the deceased on account of the injury from which death resulted of $3,131.33. Under the agreed statement of facts the dependents in this case would be entitled to recover $3,800. Deduct therefrom $3,131.33 and there remains a balance of $668.67. The petition alleges that that plaintiff is entitled to one-half of the amount recoverable by dependents, asking for a judgment of $1,900, but it has been held that the distribution between dependents is not controlled by the law of descents and distributions but according to their dependency, in which the defendant employer is not concerned. (*McCormick et al. v. Coal & Coke Co.*, 117 Kan. 686, 232 Pac. 1071.) The facts before this court are not sufficient to enable it to make a proper distribution of this judgment or to determine whether or not the plaintiff should be entitled to all of it.

The judgment of the trial court is reversed and the cause remanded, with directions to render judgment in favor of the plaintiff and against the defendant for $668.67 and to make distribution of such amount between the dependents after such further proceedings as may be necessary to determine the rights of the dependents and their relative degrees of dependency.