## LARRY D. CROOK *v.* ACADEMY DRYWALL COMPANY ET AL.
### (14156)

SHEA, CALLAHAN, COVELLO, BORDEN and F. X. HENNESSY, Js.

Argued March 28—decision released May 28, 1991

*William C. Brown,* for the appellants (defendants).

*Thomas Galvin Cotter,* for the appellee (plaintiff).

CALLAHAN, J. The sole issue presented in this appeal is whether an employee who suffers a compensable injury is eligible under General Statutes § 31-308b[1] to

---

[1] "[General Statutes] Sec. 31-308b. DEPENDENCY ALLOWANCE. Each employee entitled to receive compensation for total incapacity under the provisions of section 31-307, shall be paid for each week he receives such compensation a dependency allowance of ten dollars for each of such employ-

receive a dependency allowance for a child born after the date of the employee's injury but conceived prior

ee's children or stepchildren who, (1) at the time of injury for which such compensation is being paid, were being wholly or mainly supported by such employee and who, as of the date of compensation payment for such week, are under eighteen years of age or (2) at the time of injury for which such compensation is being paid, were mentally or physically handicapped and because of such handicap were being wholly or mainly supported by such employee, or (3) as of the date of compensation payment for such week, were unmarried, were wholly or mainly supported by such employee, had attained the age of eighteen but had not attained the age of twenty-two and were full-time students, provided that any such child who has attained the age of twenty-two while a full-time student but has not completed the requirements for, or received, a degree from a postsecondary educational institution shall be deemed not to have attained such age until the first day of the first month following the end of the quarter or semester in which he is enrolled at such time, or if he is not enrolled in a quarter or semester system, until the first day of the first month following the completion of the course in which he is enrolled or until the first day of the third month beginning after such time, whichever occurs first, but in no event shall such allowance exceed the number of whole dollars in fifty per cent of the total compensation benefit, exclusive of such dependency allowance, of such employee for such week provided, however, that no claimant shall receive in benefits under section 31-309 and this section more than seventy-five per cent of his average wages as defined by section 31-310. Dependency allowances shall be in addition to the compensation benefits otherwise payable, shall not be considered part of an employee's total compensation benefit and shall not be counted in determining whether compensation exceeds the maximum weekly benefit rate set forth in section 31-309. If both a husband and a wife are receiving compensation benefits for the same week, only one of them shall be entitled to a dependency allowance with respect to any child or stepchild. No dependency allowance shall be payable with respect to any week unless a compensation benefit is also payable with respect to such week, but any such dependency allowance which would be payable on a weekly basis may be included in a monthly, quarterly or lump sum award by the commissioner payable under the provisions of section 31-302. No dependency allowance shall be paid to any employee entitled to receive permanent partial disability benefits, disfigurement benefits or temporary partial disability benefits or to any beneficiary entitled to receive death benefits payable under section 31-306. Dependency allowances shall be payable to an injured employee working for more than one employer whose average weekly wages are calculated upon the basis of wages earned from all such employers during the period involved under section 31-310 by the employer in whose employ he was engaged at the time of his injury."

to the date of that injury. We conclude that an employee is entitled to receive a dependency allowance for the child under such circumstances.

The parties have stipulated to the relevant facts. The plaintiff, Larry D. Crook, was employed by the named defendant, Academy Drywall Company,[2] when he suffered a compensable injury to his lower back on January 8, 1987. The plaintiff had two children at the time of his injury and a third child was born to the plaintiff and his spouse on April 15, 1987, approximately three months after the date of his injury. Under General Statutes § 31-307,[3] the plaintiff is entitled to receive a weekly base compensation rate of $367.30 for his total incapacity. It is undisputed that the plaintiff is entitled under § 31-308b to receive a dependency allowance of $10 per week per child for the two children born prior to the date of his injury. In addition, the workers' compensation commissioner (commissioner) for the fourth district concluded that as of April 15, 1987, the date of birth of the third child, the plaintiff was eligible to receive a dependency allowance for that child as well. On appeal, the compensation review division (CRD) affirmed the commissioner's decision. The defendants appealed the decision of the CRD to the Appellate Court, and we transferred the matter to this court pursuant to Practice Book § 4023. We now affirm the judgment of the CRD.

Section 31-308b provides that "[e]ach employee entitled to receive compensation for total incapacity under the provisions of section 31-307, shall be paid

---

[2] The other defendant is Nationwide Insurance Company, which provides workers' compensation coverage for the named defendant.

[3] General Statutes § 31-307 provides in pertinent part: "If any injury for which compensation is provided under the provisions of this chapter results in total incapacity to work, there shall be paid to the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of his average weekly earnings at the time of the injury . . . ."

. . . a dependency allowance . . . for each of such employee's children or stepchildren who . . . at the time of injury for which such compensation is being paid, were being wholly or mainly supported by such employee and who, as of the date of compensation payment for such week, are under eighteen years of age . . . ." The statutory language establishes that the critical date in the determination of an employer's liability for the dependency allowance is the date of the employee's injury. The dispositive issue in this case, therefore, is whether the plaintiff's third child, who was conceived prior to the date of his compensable injury but was born after that date, was a child being "wholly or mainly supported" by the plaintiff at the time of the injury. The defendants argue that under the plain language of the statute the plaintiff is not entitled to a dependency allowance for his third child because a child en ventre sa mere[4] is wholly or mainly supported by its mother, not the father, who is the covered employee in this case. The defendants further assert that even if the child's mother was being supported wholly or mainly by the plaintiff at the time of the injury, the plaintiff is still not entitled to the allowance because § 31-308b does not provide for a dependency allowance for a spouse and therefore the plaintiff cannot assert that by supporting his wife during her pregnancy he was also supporting his child.[5] We disagree.[6]

---

[4] "En ventre sa mere" is defined as "in utero and therefore for beneficial purposes legally born." Webster's Third New International Dictionary.

[5] The record does not indicate whether the plaintiff did in fact "wholly or mainly" support his wife during the pregnancy. Our interpretation of General Statutes § 31-308b, however, does not require us to consider this factual issue.

[6] We note that this case involves solely a question of statutory construction and we reject, therefore, the defendants' contention that in order to conclude that the plaintiff is eligible for the dependency allowance we must necessarily address the question of when life begins and also determine whether the plaintiff's third child was a viable fetus at the time of the injury.

It is well established that the Workers' Compensation Act is remedial in nature and " 'that it should be broadly construed to accomplish its humanitarian purpose. . . .' " *Ash* v. *New Milford,* 207 Conn. 665, 672, 541 A.2d 1233 (1988); *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 117, 411 A.2d 924 (1979); *DeCarli* v. *Manchester Public Warehouse Co.,* 107 Conn. 359, 364, 140 A. 637 (1928). Construing the statute liberally advances its underlying purpose of providing financial protection for injured workers and their dependents. *English* v. *Manchester,* 175 Conn. 392, 397–98, 399 A.2d 1266 (1978); *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 146, 93 A. 245 (1915).

The defendants' interpretation of § 31-308b ignores that canon of statutory construction. Although a rigid construction of the statute might lead to a conclusion that a child en ventre sa mere is wholly supported by his mother, such an interpretation would hardly seem to further the legislature's goal of providing financial protection for injured workers and their dependents. A review of the legislative history does not provide any evidence that the legislature intended to exclude from coverage children conceived prior to the date of an injury but born after that date and supported by the injured worker. See 12 S. Proc., Pt. 5, 1967 Sess., pp. 2254–61; 12 H.R. Proc., Pt. 7, 1967 Sess., pp. 3054–64, 3259–64, and Pt. 9, 1967 Sess., pp. 4032–51; Conn. Joint Standing Committee Hearings, Labor, 1967 Sess., p. 248. It therefore appears likely that the legislature never considered the situation at hand. We conclude, however, that such an oversight does not mandate that we deny the plaintiff a dependency allowance for his third child.

In *Routh* v. *List & Weatherly Construction Co.,* 124 Kan. 222, 223–25, 257 P. 721 (1927), the Supreme Court of Kansas addressed a similar issue. The plain-

tiff in that case was a child of a worker who was injured after the date the child was conceived but born after the date of the worker's injury. Id., 223. The worker died as a result of his injury shortly after the child's birth, and the child's mother brought an action on the child's behalf seeking to recover death benefits under the workers' compensation act. Id. Although the statute did not specifically provide for benefits for children born after a compensable injury, the court held that the child qualified for dependency benefits under provisions that defined dependents as " 'members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident.' " Id., 224. In reaching its conclusion, the court did not find it necessary to determine whether the worker was in fact supporting the child. Id., 224–25. Rather, the court reasoned that " '[f]or certain purposes, indeed for all beneficial purposes, a child *en ventre sa mere* is to be considered as born. . . . It is regarded as *in esse* for all purposes beneficial to itself, but not to another. . . .' " Id., 224. Moreover, " '[a] child *en ventre sa mere* at the time of the father's death is deemed to have been born so far as it is for the benefit of such child, and will be entitled to claim compensation as a legal dependent . . . and the posthumous child of a deceased workman would have the same rights to compensation as other children.' " Id., 224–25, quoting S. Harper, Workmen's Compensation (2d Ed.) p. 261; see also *S.L.W.* v. *Workmen's Compensation Board,* 490 P.2d 42, 46 (Alaska 1971); *Ide* v. *Scott Drilling, Inc.,* 341 Mich. 164, 166–68, 67 N.W.2d 133 (1954); *Workers' Compensation Division* v. *Halstead,* 795 P.2d 760, 766–67 (Wyo. 1990); see generally 2A A. Larson, Workmen's Compensation Law § 62.22 (d), pp. 11-45–11-49; annot., 18 A.L.R.3d 900.

When the legislature adopted the "wholly or mainly supported" test for determining a worker's entitlement

to a dependency allowance for children, it did not address the question of whether a child en ventre sa mere is supported by the worker, albeit indirectly, at the time of the injury. Because the test set forth in § 31-308b does not appear to have been formulated in contemplation of the circumstances in the present case, we should not apply the "wholly or mainly supported" test in a mechanical fashion. Rather, in light of our mandate to construe the Workers' Compensation Act liberally and in light of the fact that the worker has a statutory duty to support a child if it is subsequently born alive; General Statutes § 46b-215 (a); we shall presume that a child conceived prior to a worker's injury is being wholly or mainly supported by the worker at the time of the injury for the purposes of determining the worker's eligibility for a dependency allowance. See 2A A. Larson, supra, p. 11-48.

Because we agree with the commissioner's decision that a worker can receive a dependency allowance only for the period subsequent to the child's birth, we note as a practical matter that the determination of eligibility for the dependency allowance for a child en ventre sa mere at the time of the worker's injury cannot be made until after the child has been born. At that point it can readily be determined whether the child is in fact being "wholly or mainly supported" by the worker. If the worker is not providing such support for the child after birth, the employer can invoke General Statutes § 31-315[7] to argue that the worker is not entitled to

---

[7] "[General Statutes] Sec. 31-315. MODIFICATION OF AWARD OR VOLUNTARY AGREEMENT. Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter shall be subject to modification, upon the request of either party and in accordance with the procedure for original determinations, whenever it appears to the compensation commissioner, after notice and hearing thereon, that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has

receive the dependency allowance. Therefore, the presumption that a child en ventre sa mere is a dependent will have no practical effect if the child is not supported wholly or mainly by the injured worker after the child's birth.[8] We also note that because our Workers' Compensation Act does not address directly the dependency status of children born after a worker's compensable injury or after a worker's death, the legislature may wish to clarify the statutes in this regard.

The judgment is affirmed.

In this opinion the other justices concurred.

---

changed, or that changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question."

[8] We do not find compelling the defendants' concerns that our ruling will require that the precise date of conception be determined in certain cases. We first note that this issue is not a factor in this case, where the child was born approximately three months after the injury. It is also unlikely that the exact date of conception will be an issue in a significant number of cases. Finally, the defendants suggested that this court could distinguish the entitlement of a child en ventre sa mere to death benefits under General Statutes § 31-306 from entitlement to the dependency allowance under General Statutes § 31-308b. Although it must be emphasized that we express no opinion on the issue, were we to conclude that a child en ventre sa mere at the time a worker suffers a fatal injury is entitled to death benefits under § 31-306, the date of conception would be equally relevant in that case as well.