JOSEPH LALIBERTE *v.* UNITED
SECURITY, INC., ET AL.
(SC 16631)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued May 22—officially released July 30, 2002

*Taka Iwashita*, assistant attorney general, with whom were *William J. McCullough*, assistant attorney general and, on the brief, *Richard Blumenthal*, attorney general, for the appellant (defendant second injury fund).

*Edward T. Dodd, Jr.*, with whom, on the brief, was *Paul E. Daddario*, for the appellee (plaintiff).

*Opinion*

VERTEFEUILLE, J. The sole issue in this appeal is whether workers' compensation benefits for temporary total disability[1] may be discontinued when the recipient

---

[1] There are two types of workers' compensation disability in Connecticut for which benefits may be awarded: total incapacity and partial incapacity. See General Statutes §§ 31-307 and 31-308. Within total incapacity there are two categories: temporary total incapacity and permanent total incapacity. Temporary total incapacity applies to an employee, such as the plaintiff in the present case, who is unable to seek any type of employment because of disability. Total permanent incapacity refers to an employee who is totally

is incarcerated.[2] We conclude that the plaintiff's imprisonment does not permit the defendant second injury fund (defendant),[3] to discontinue his total disability benefits during the period of incarceration. Accordingly, we uphold the decision of the compensation review board (board)[4] affirming the decision of the workers' compensation commissioner for the fifth district (commissioner) ordering the payment of total inca-

incapacitated and receives an additional benefit based on the permanent loss of a body part. This is in contrast to partial disability, where the employee is able to find alternative employment but experiences a wage loss as a result of the disability. See *Rayhall* v. *Akim Co.*, No. 4321 CRB-2-00-12 (November 5, 2001). Because the plaintiff in the present case is totally disabled and unable to seek any type of employment, we do not address whether incarceration would permit the discontinuance of partial disability benefits.

[2] The plaintiff in the present case was awarded benefits pursuant to General Statutes § 31-307 (a), which provides: "If any injury for which compensation is provided under the provisions of this chapter results in total incapacity to work, the injured employee shall be paid a weekly compensation equal to seventy-five per cent of his average weekly earnings as of the date of the injury, calculated pursuant to section 31-310, after such earnings have been reduced by any deduction for federal or state taxes, or both, and for the federal Insurance Contributions Act made from such employee's total wages received during the period of calculation of the employee's average weekly wage pursuant to said section 31-310; but the compensation shall not be more than the maximum weekly benefit rate set forth in section 31-309 for the year in which the injury occurred. No employee entitled to compensation under this section shall receive less than twenty per cent of the maximum weekly compensation rate, as provided in section 31-309, provided the minimum payment shall not exceed seventy-five per cent of the employee's average weekly wage, as determined under section 31-310, and the compensation shall not continue longer than the period of total incapacity."

While § 31-307 has been amended several times since the plaintiff in the present case was awarded benefits, those changes are not relevant to this appeal. For purposes of clarity, references herein to § 31-307 are to the current revision.

[3] The named defendant, United Security, Inc., which employed the plaintiff when he was injured in 1988, is not involved in this appeal. References herein to the defendant refer to the fund only.

[4] The board upheld the commissioner's award of weekly disability benefits to the plaintiff for total incapacity retroactive to September 28, 1999, to be paid by the defendant.

pacity benefits to the plaintiff pursuant to General Statutes § 31-307 (a). See footnote 2 of this opinion.

The following facts and procedural history are relevant to our resolution of this appeal. In 1988, the plaintiff, while employed by United Security, Inc.; see footnote 3 of this opinion; fell down a flight of stairs, injuring his right shoulder. He previously had injured his shoulder while working as a forklift operator in 1985. Because this was the plaintiff's second work-related injury, liability for the injury was transferred to the defendant in 1990 pursuant to General Statutes § 31-349.[5] In 1999, the defendant filed a form 36[6] seeking to discontinue the plaintiff's benefits because he was imprisoned at a state correctional facility. Initially, the commissioner approved the form 36. The plaintiff then contested the termination of his benefits and the commissioner vacated the initial approval, concluding that incarceration was not a valid basis for the discontinuance of total disability benefits. The defendant appealed from the decision to the board, which affirmed the commissioner's ruling. The defendant thereafter appealed from that decision of the board to the Appellate Court, and we transferred the case to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The defendant claims that the plaintiff's incarceration permits the fund to discontinue workers' compensation benefits because his inability to work is caused by his incarceration. The plaintiff counters that it is his disability, and not his imprisonment, that precludes him from working. We agree with the plaintiff.

---

[5] Since 1990, the time of the transfer in this case, § 31-349 has been amended several times. Those changes are not relevant to this appeal.

[6] A form 36 is the official document an employer must file when seeking to discontinue an employee's benefits. See *Platt* v. *United Technologies Corp.*, 3 Conn. Workers' Comp. Rev. Op. 3, 5–6 (1985).

We begin by setting forth the standard of review that will govern our analysis of this issue. Because we must decide whether the relevant statute, § 31-307, permits the discontinuance of total disability benefits to an incarcerated recipient, the issue before us involves statutory construction. "It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the board]. . . . However, [w]e have determined . . . that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Citation omitted; internal quotation marks omitted.) *Donahue* v. *Southington,* 259 Conn. 783, 787, 792 A.2d 76 (2002); accord *Davis* v. *Norwich,* 232 Conn. 311, 317, 654 A.2d 1221 (1995). Prior to its decision in the present case, the board had not addressed whether an employer or the fund can discontinue the benefits of an incarcerated recipient. Connecticut courts also have not considered the issue. Thus, we do not accord any particular deference to the conclusion of the board.

Our analysis begins with the language of the relevant provision of the Workers' Compensation Act (act) itself, which provides in relevant part: "If any injury for which compensation is provided under the provisions of this chapter results in total incapacity to work, the injured employee shall be paid a weekly compensation equal to seventy-five per cent of his average weekly earnings as of the date of the injury, calculated pursuant to section 31-310, after such earnings have been reduced by any deduction for federal or state taxes, or both, and for the federal Insurance Contributions Act made from such employee's total wages received during the period of calculation of the employee's average weekly wage

pursuant to said section 31-310; but the compensation shall not be more than the maximum weekly benefit rate set forth in section 31-309 for the year in which the injury occurred. . . ." General Statutes § 31-307 (a).

It is evident that § 31-307 (a) contains no provision permitting the discontinuance of the total disability benefits of an injured employee based on his incarceration. Section 31-307 (a) requires the payment of benefits for "total incapacity to work . . . ." The plaintiff has been found to be, and remains, totally incapable of working due to his disability. The statute does not address inability to work because of incarceration. As a result, no intent concerning discontinuance of benefits because of incarceration can be inferred from the statute itself. The defendant, moreover, has provided us with no legislative history, and we are aware of none, suggesting that the legislature intended to permit the discontinuance of total disability benefits for totally disabled recipients who are also unable to work as a result of incarceration.

In the absence of any indication of the legislature's intent concerning this issue, we cannot engraft language onto the statute. See *Local 218 Steamfitters Welfare Fund* v. *Cobra Pipe Supply & Coil Co.*, 207 Conn. 639, 645, 541 A.2d 869 (1988); *Caulkins* v. *Petrillo*, 200 Conn. 713, 718–19, 513 A.2d 43 (1986). "[W]e will not impute to the legislature an intent that is not apparent from unambiguous statutory language in the absence of a compelling reason to do so. Rather, [w]e are bound to interpret legislative intent by referring to what the legislative text contains, not by what it might have contained." (Internal quotation marks omitted.) *Winchester* v. *Northwest Associates*, 255 Conn. 379, 388, 767 A.2d 687 (2001). It is not the function of the courts to enhance or supplement a statute containing clearly expressed language. See *State* v. *Leary*, 217 Conn. 404, 415, 587 A.2d 85 (1991).

We note, moreover, that the legislature amended § 31-307 in 1993 to limit total incapacity benefits for those also receiving old age insurance benefits pursuant to the federal Social Security Act.[7] The enactment of this limitation on total disability benefits demonstrates that the legislature had contemplated what exclusions or limitations should apply to the statutorily required benefits. If the legislature had intended to discontinue total disability benefits for those who are incarcerated, it easily could have done so. See *State* v. *Russo*, 259 Conn. 436, 450, 790 A.2d 1132 (2002) (had legislature intended to limit access to certain records by law enforcement personnel, it easily could have expressed such an intent).

Additionally, it is not the court's role to acknowledge an exclusion when the legislature painstakingly has created such a complete statute. We consistently have acknowledged that the act is an intricate and comprehensive statutory scheme. *Dowling* v. *Slotnik*, 244 Conn. 781, 811, 712 A.2d 396, cert. denied sub nom. *Slotnik* v. *Considine*, 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998); *Libby* v. *Goodwin Pontiac-GMC Truck, Inc.*, 241 Conn. 170, 174, 695 A.2d 1036 (1997); *Durniak* v. *August Winter & Sons, Inc.*, 222 Conn. 775, 781, 610 A.2d 1277 (1992). The complex nature of the workers' compensation system requires that policy determinations should be left to the legislature, not the judiciary. See *Discuillo* v. *Stone & Webster*, 242 Conn. 570, 577, 698 A.2d 873 (1997). Whether the defendant or an employer should be permitted to discontinue the

---

[7] Number 93-228, § 16, of the 1993 Public Acts, which is now codified at § 31-307 (e), provides: "Notwithstanding any provision of the general statutes to the contrary, compensation paid to an employee for an employee's total incapacity shall be reduced while the employee is entitled to receive old age insurance benefits pursuant to the federal Social Security Act. The amount of each reduced workers' compensation payment shall equal the excess, if any, of the workers' compensation payment over the old age insurance benefits."

benefits of an incarcerated recipient, as the defendant contends, is for the legislature to decide, not the courts. See *Winchester* v. *Northwest Associates*, supra, 255 Conn. 389; *Dowling* v. *Slotnik*, supra, 811; *Panaro* v. *Electrolux Corp.*, 208 Conn. 589, 605, 545 A.2d 1086 (1988).

Our conclusion is consistent with the purposes underlying the act. It is well established that the act should be construed to further its humanitarian purposes. *Gil* v. *Courthouse One*, 239 Conn. 676, 682, 687 A.2d 146 (1997). Construing the act liberally advances its underlying purpose—to provide financial protection to the recipient and the recipient's family. *Crook* v. *Academy Drywall Co.*, 219 Conn. 28, 32, 591 A.2d 429 (1991); *English* v. *Manchester*, 175 Conn. 392, 397–98, 399 A.2d 1266 (1978). By recognizing limitations not delineated by the legislature, the court risks denying the beneficent purposes of the act. See *Doe* v. *Stamford*, 241 Conn. 692, 698, 699 A.2d 52 (1997); *Misenti* v. *International Silver Co.*, 215 Conn. 206, 210, 575 A.2d 690 (1990).

Finally, our conclusion is buttressed by the decisions of courts in other states. The majority of jurisdictions has concluded that, when applicable statutes do not provide for the discontinuance of benefits for a recipient who is incarcerated, total disability benefits for an incarcerated individual should not be terminated because the claimant's inability to work initially was caused by his medical condition, not his incarceration. See *State Industrial Ins. System* v. *Campbell*, 109 Nev. 997, 1002, 862 P.2d 1184 (1993); *Forshee & Langley Logging* v. *Peckham*, 100 Or. App. 717, 720, 788 P.2d 487 (1990); *Jackson* v. *Lee's Traveler's Lodge, Inc.*, 563 N.W.2d 858, 865 (S.D. 1997).[8] "[T]he fact that a claimant

---

[8] In deciding whether incarceration should impact the receipt of disability benefits, the courts in some states have distinguished between total and partial incapacity benefits. Since individuals with only partial incapacity are able to work, many states have treated incarceration as an affirmative act by the recipient to remove himself from the labor market, thus disqualifying

is unemployable for reasons other than his injury is not dispositive. The issue is whether a claimant has suffered some loss of earning capacity as a direct result of his work-related injury." *Last* v. *MSI Construction Co.*, 305 S.C. 349, 351, 409 S.E.2d 334 (1991). We therefore agree with the board that § 31-307 does not permit the discontinuance of total disability benefits to incarcerated recipients.

The judgment is affirmed.

In this opinion the other justices concurred.

the recipient for benefits. See generally *Baskerville* v. *Saunders Oil Co.*, 1 Va. App. 188, 193, 336 S.E.2d 512 (1985); *Apodaca* v. *State ex rel. Workers' Safety & Compensation Division*, 977 P.2d 56, 60 (Wyo. 1999). The only benefits at issue in the present case are total incapacity benefits; these cases therefore are not pertinent to our inquiry. We do not decide today whether incarceration should cause the discontinuance of partial incapacity benefits.

