******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JANICE MCCULLOUGH *v.* SWAN
ENGRAVING, INC., ET AL.
(SC 19480)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.

*Argued October 7, 2015—officially released February 2, 2016*

*Christopher Meisenkothen*, with whom, on the brief,
was *Catherine Ferrante*, for the appellant (plaintiff).

*Joseph J. Passaretti, Jr.*, with whom was *Tushar G.
Shah*, for the appellees (defendants).

*Robert F. Carter* filed a brief for the Connecticut Trial
Lawyers Association as amicus curiae.

*Opinion*

EVELEIGH, J. The sole issue in this appeal is whether the plaintiff, Janice McCullough, was required to file a separate timely notice of claim for survivor's benefits under the Workers' Compensation Act (act), General Statutes § 31-275 et seq., where her husband, Arthur McCullough (decedent), had filed a timely claim for disability benefits during his lifetime with the defendant Swan Engraving, Inc. (Swan Engraving).[1] The plaintiff appeals from a decision of the Workers' Compensation Review Board (board) reversing the decision of the Workers' Compensation Commissioner (commissioner) awarding the plaintiff survivor's benefits.[2] On appeal, the plaintiff claims that she was not required to file a separate notice of claim for survivor's benefits because the timely filing of any claim for benefits under the act satisfies the limitation period for all potential claims under the act. We agree with the plaintiff and, accordingly, reverse the judgment of the board.

The relevant, undisputed facts and procedural history are as follows. The plaintiff is the widow and presumptive dependent of the decedent.[3] The decedent was employed by Swan Engraving from 1970 to 1998 as a photograph engraver. During the course of his employment, he was exposed to toxins through his use of carbon arc lamps. In February, 2000, he was diagnosed with disabling pulmonary fibrosis as a result of his work exposure to toxins. In May, 2002, the decedent filed a timely claim for benefits. After seeking medical treatment for his pulmonary fibrosis, including a lung transplant, the decedent succumbed to his illness and died on March 31, 2005. At no time prior to the decedent's death was the claim accepted or were benefits paid.

On April 19, 2006, fifty-five weeks after the decedent's death, the plaintiff filed a claim for death and survivor's benefits. Thereafter, the defendants accepted the decedent's underlying claim for benefits and the parties entered into a voluntary agreement as to that claim on February 26, 2013.

The commissioner conducted a hearing on the plaintiff's claim for survivor benefits. At the hearing, the defendants claimed that the plaintiff's claim for survivor benefits was not timely because it was filed more than one year after the decedent's death and more than six years after the date of the decedent's first manifestation of symptoms of a work-related injury. In response, the plaintiff claimed that the timely filing and acceptance of the decedent's claim for benefits satisfied the limitation period for all potential claims under the act. The commissioner agreed with the plaintiff and determined that her claim for survivor benefits was timely and ordered the defendants to pay survivor's benefits to the plaintiff.

The defendants appealed from the commissioner's decision to the board. The defendants challenged the

commissioner's finding that the decedent's timely filing of a claim for benefits under the act satisfied the statute of limitations requirement for the plaintiff's claim for survivor's benefits and asserted that the plaintiff was required to file a separate timely claim for benefits within one year from the decedent's death. The board reversed the decision of the commissioner, concluding that the statutory scheme requires a dependent filing for survivor's benefits to file a separate claim and that "claims under [General Statutes] § 31-306[4] . . . must be commenced under the time limitations of [General Statutes] § 31-294c[5] . . . subject to the limited exceptions expressly provided for under [General Statutes] § 31-306b[6] . . . ."[7] (Footnotes added.) This appeal followed.[8]

"As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . [Moreover, it] is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and . . . board. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have determined, therefore, that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Citation omitted; internal quotation marks omitted.) *Sullins* v. *United Parcel Service, Inc.*, 315 Conn. 543, 550, 108 A.3d 1110 (2015). "In addition to being time-tested, an agency's interpretation must also be reasonable . . . ." *Stec* v. *Raymark Industries, Inc.*, 299 Conn. 346, 356, 10 A.3d 1 (2010). "Even if time-tested, we will defer to an agency's interpretation of a statute only if it is 'reasonable'; that reasonableness is determined by '[application of] our established rules of statutory construction.' " *Freedom of Information Officer, Dept. of Mental Health & Addiction Services* v. *Freedom of Information Commission*, 318 Conn. 769, 781, 122 A.3d 1217 (2015).

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) Id. In doing so, we are guided by the mandates of General Statutes § 1-2z. The issue of statutory interpretation presented in this case is a question of law subject to

plenary review. Id., 782.

Furthermore, "[i]t is well established that, in resolving issues of statutory construction under the act, we are mindful that the act indisputably is a remedial statute that should be construed generously to accomplish its purpose. . . . The humanitarian and remedial purposes of the act counsel against an overly narrow construction that unduly limits eligibility for workers' compensation. . . . Accordingly, [i]n construing workers' compensation law, we must resolve statutory ambiguities or lacunae in a manner that will further the remedial purpose of the act. . . . [T]he purposes of the act itself are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes." (Internal quotation marks omitted.) *Sullins* v. *United Parcel Service, Inc.*, supra, 315 Conn. 550–51.

On appeal, the plaintiff asserts that her claim is not barred by the statute of limitations in § 31-294c because the timely filing of the decedent's notice of claim satisfied the requirements of that statute and there is no requirement that she file a separate claim. In response, the defendants assert, and the board concluded, that the plaintiff was obligated to file a separate claim for survivor's benefits within the statute of limitations provided for in § 31-294c (a).

In order to resolve this question, we begin by examining the plain language of § 31-294c. Section 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. . . ."

Nothing in the plain language of § 31-294c seems to apply to the exact situation in the present case. First, it is undisputed that the decedent complied with the terms of § 31-294c (a) by giving notice of his claim on May 30, 2002, which was within three years from the first manifestation of the disease. Thereafter, the decedent died on March 31, 2005, and the defendants have agreed that his death was as a result of his occupational disease. The defendants eventually accepted the decedent's claim and issued voluntary agreements on that claim.

Second, the only language in § 31-294c regarding a

dependent filing a claim for benefits is not applicable in the present case. The only phrase addressing dependents provides as follows: "[*I*]*f death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease*, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later." (Emphasis added.) General Statutes § 31-294c (a). In the present case, the decedent's death did not occur within two years of the date of the first manifestation of a symptom of the occupational disease. Accordingly, based on its plain language, § 31-294c not only does not seem to provide a statute of limitations for the plaintiff's claim, it does not seem to apply to the plaintiff's claim at all.

Third, the plain language of the act provides that one notice of claim is required. Specifically, it provides that "[n]o proceedings for compensation under the provisions of this chapter shall be maintained unless *a written notice of claim for compensation* is given . . . ." (Emphasis added.) General Statutes § 31-294c (a). By explicitly providing that "a written notice of claim" is required, the legislature demonstrated that a claim is barred unless a singular written notice of claim is filed to satisfy the requirements of § 31-294c. The fact that the legislature chose to use the singular form of notice of claim in this provision indicates that it intended that a singular notice of claim would satisfy the requirements of the statute and that further claims would not require additional notice.

Furthermore, a review of the entire act demonstrates that the legislature did not include any explicit provisions for filing a claim for survivor's benefits under the act. None of the other sections of the act either require that a survivor file a separate claim or provide a statute of limitations for such a claim.

The defendants assert, however, that the board has a time-tested approach of interpreting § 31-294c to apply to claims of survivor's benefits and requiring a survivor to file a separate notice of claim or request a hearing on the specific subject of survivor's benefits within one year from the date of death. The defendants further assert that because the board's interpretation of § 31-294c is time-tested, it is subject to deference and should be applied in the present case. In support of their claim, the defendants cite to *Sellew* v. *Northeast Utilities*, 12 Conn. Workers' Comp. Rev. Op. 135 (1994). In *Sellew*, the board, without reliance on specific statutory language in § 31-294c, concluded that "a widow cannot rely on the claim filed by her deceased husband to satisfy . . . jurisdictional notice requirements . . . ." Id., 138. The board has continued to follow this interpretation of the act for more than twenty years.

As we explained previously herein, "[e]ven if time-tested, we will defer to an agency's interpretation of a statute only if it is 'reasonable'; that reasonableness is determined by '[application of] our established rules of statutory construction.' " *Freedom of Information Officer, Dept. of Mental Health & Addiction Services* v. *Freedom of Information Commission*, supra, 318 Conn. 781. In the present case, we find no support for the board's interpretation of § 31-294c in the text of the statute.[9]

It is a well established principle of statutory interpretation that "we cannot accomplish a result that is contrary to the intent of the legislature as expressed in the [statute's] plain language. . . . [A] court must construe a statute as written. . . . Courts may not by construction supply omissions . . . . The intent of the legislature, as this court has repeatedly observed, is to be found not in what the legislature meant to say, but in the meaning of what it did say." (Internal quotation marks omitted.) *State* v. *Rodriguez-Roman*, 297 Conn. 66, 80–81, 3 A.3d 783 (2010). "In the absence of any indication of the legislature's intent concerning this issue, we cannot engraft language onto the statute. . . . [W]e will not impute to the legislature an intent that is not apparent from unambiguous statutory language in the absence of a compelling reason to do so. Rather, [w]e are bound to interpret legislative intent by referring to what the legislative text contains, not by what it might have contained. . . . It is not the function of the courts to enhance or supplement a statute containing clearly expressed language." (Citations omitted; internal quotation marks omitted.) *Laliberte* v. *United Security, Inc.*, 261 Conn. 181, 186, 801 A.2d 783 (2002).

In the present case, there is no language in § 31-294c creating a statute of limitations for a claim for survivor's benefits or language requiring that a dependent file a separate claim for survivor's benefits if the employee filed a timely claim for benefits during his or her lifetime. If the legislature had intended to require such a filing and to provide a statute of limitations period, it could have done so. In the face of a legislative omission, it is not our role to engraft language onto the statute to require a dependent to file a claim for survivor's benefits in such a situation.

Indeed, requiring such a filing, and imposing a statute of limitations thereon, would create a new exclusion for dependents, such as the plaintiff in the present case. "[I]t is not the court's role to acknowledge an exclusion when the legislature painstakingly has created such a complete statute. We consistently have acknowledged that the act is an intricate and comprehensive statutory scheme. *Dowling* v. *Slotnik*, 244 Conn. 781, 811, 712 A.2d 396, cert. denied sub nom. *Slotnik* v. *Considine*, 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998); *Libby* v. *Goodwin Pontiac-GMC Truck, Inc.*, 241 Conn.

170, 174, 695 A.2d 1036 (1997); *Durniak* v. *August Winter & Sons, Inc.*, 222 Conn. 775, 781, 610 A.2d 1277 (1992). The complex nature of the workers' compensation system requires that policy determinations should be left to the legislature, not the judiciary. See *Discuillo* v. *Stone & Webster*, 242 Conn. 570, 577, 698 A.2d 873 (1997)." *Laliberte* v. *United Security, Inc.*, supra, 261 Conn. 187.

On the basis of the foregoing, we conclude that whether a survivor should be denied benefits on the ground that he or she failed to file a separate notice of claim under the act is for the legislature to decide, not the courts. See id., 187–88; *Winchester* v. *Northwest Associates*, 255 Conn. 379, 389, 767 A.2d 687 (2001); *Dowling* v. *Slotnik*, supra, 244 Conn. 811; *Panaro* v. *Electrolux Corp.*, 208 Conn. 589, 605, 545 A.2d 1086 (1988). Therefore, we reject the board's imposition of a one year statute of limitations for the filing of survivor's benefits when a valid claim has previously been filed by either the employee or a representative.

Furthermore, our conclusion is consistent with the purposes underlying the broad remedial purpose of the act. "It is well established that the act should be construed to further its humanitarian purposes. *Gil* v. *Courthouse One*, 239 Conn. 676, 682, 687 A.2d 146 (1997). Construing the act liberally advances its underlying purpose—to provide financial protection to the recipient and the recipient's family. *Crook* v. *Academy Drywall Co.*, 219 Conn. 28, 32, 591 A.2d 429 (1991); *English* v. *Manchester*, 175 Conn. 392, 397–98, 399 A.2d 1266 (1978). By recognizing limitations not delineated by the legislature, the court risks denying the beneficent purposes of the act. See *Doe* v. *Stamford*, 241 Conn. 692, 698, 699 A.2d 52 (1997); *Misenti* v. *International Silver Co.*, 215 Conn. 206, 210, 575 A.2d 690 (1990)." *Laliberte* v. *United Security, Inc.*, supra, 261 Conn. 188.

The defendants also assert that § 31-294c must be read in conjunction with § 31-306b. Specifically, the defendants claim that the language of § 31-306b demonstrates that a dependent must comply with the one year statute of limitations contained in § 31-294c. We disagree.

It is well established "that the legislature is always presumed to have created a harmonious and consistent body of law . . . . [T]his tenet of statutory construction . . . requires [this court] to read statutes together when they relate to the same subject matter . . . . Accordingly, [i]n determining the meaning of a statute . . . we look not only at the provision at issue, but also to the broader statutory scheme to ensure the coherency of our construction." (Internal quotation marks omitted.) *Brennan* v. *Brennan Associates*, 316 Conn. 677, 685, 113 A.3d 957 (2015).

Section 31-306b (c) provides in relevant part that

"[t]he failure of an employer or insurer to comply with the notice requirements . . . shall not excuse a dependent of a deceased employee from making a claim for compensation within the time limits prescribed by subsection (a) of section 31-294c . . . ." As we have explained previously in this opinion, the plain language of § 31-294c does not include any provision applicable to claims by a dependent for survivor's benefits if a timely claim has already been filed by the employee during his or her lifetime. The defendants suggest that in order to make §§ 31-294c and 31-306b (c) harmonious, we must read additional language into § 31-294c and apply the one year statute of limitations as a catchall limitation. We reject this approach, and instead understand the provisions of § 31-306b (c) to apply only in those situations wherein an employee is receiving workers' compensation benefits from the employer prior to filing an official claim, such as cases where a collective bargaining agreement requires that such benefits be paid immediately.

The defendants and the plaintiff rely on various cases from this court and the Appellate Court to support their positions. A review of our previous case law, however, demonstrates, that neither this court nor the Appellate Court has directly addressed whether a dependent needs to file a separate timely claim for survivor's benefits where the employee filed a timely notice of claim under the act during his or her lifetime.

For instance, the plaintiff asserts that in *Fredette* v. *Connecticut Air National Guard*, 283 Conn. 813, 824–25, 930 A.2d 666 (2007), this court held that if an employee files a timely claim during his lifetime, that claim satisfies the limitations period for claims by dependents for survivor's benefits. We disagree that this issue was decided in *Fredette*. To the contrary, the employee in *Fredette* did not file any claim for benefits during his lifetime and the issue this court addressed was whether the filing of a claim by a dependent within three years of the first manifestation of the employee's occupational disease satisfied the statute of limitations in § 31-294c. Id., 816. In doing so, this court explained: "This does not mean, however, and we do not suggest, that after the death of a decedent who had filed a timely claim during his lifetime, there is no subsequent time limitation on the filing of a separate claim by his dependents or legal representative. . . . We need not decide that question in the present case, however, because the only claim filed was that of the plaintiff, and it was filed within three years of the first manifestation of a symptom of the disease." (Emphasis omitted.) Id., 825 n.12. On the basis of the foregoing language, we disagree with the plaintiff's reading and conclude that the issue in the present case was not decided in *Fredette*.

The defendants also assert that previous case law from this court is instructive in the present case. In

support of their position, the defendants rely on *Kuehl* v. *Z-Loda Systems Engineering, Inc.*, 265 Conn. 525, 526–27, 829 A.2d 818 (2003), in which this court affirmed the dismissal of a widow's claim for failure to file a separate timely notice of claim even though the employee had filed a timely notice of claim during his lifetime. We disagree that *Kuehl* is relevant to the present case. First, that case is factually distinguishable. In *Kuehl*, although the employee filed a notice of claim approximately six months after his injury and before his death, the employee's claim for benefits had not been accepted at the time of the appeal regarding the survivor's benefits. Id., 528–29. In the present case, it is undisputed that the employee satisfied the requirements of § 31-294c by filing a timely notice of claim for benefits that was accepted and paid. Second, in *Kuehl*, the plaintiff did not challenge the Appellate Court's prior adoption of the board's interpretation of § 31-294c as requiring a separate timely notice by a dependent for survivor's benefits. Id., 530 n.8. Indeed, this court explicitly noted that the plaintiff did not challenge that requirement in her appeal. Therefore, in *Kuehl*, this court did not address whether that interpretation of § 31-294c was reasonable. Accordingly, we conclude that this court's decision in *Kuehl* is distinguishable from the present case.

Contrary to the claims of the parties, we conclude that the prior case law of this court is inapplicable to the precise question on appeal in the present case. To the extent that any prior case law from this court or the Appellate Court is inconsistent with our interpretation of § 31-294c, we take this opportunity to clarify it.

On the basis of the foregoing, we conclude that the board improperly concluded that the plaintiff had failed to satisfy the requirements of § 31-294c and improperly remanded the matter for a de novo hearing to determine whether the plaintiff was able to establish prejudice pursuant to § 31-306b. Instead, we conclude that the plaintiff was not required to file a separate timely notice of claim for survivor's benefits when the decedent had filed a timely notice of claim for benefits during his lifetime.

The decision of the Workers' Compensation Review Board is reversed and the case is remanded with direction to affirm the decision of the Workers' Compensation Commissioner.

In this opinion the other justices concurred.

[1] We note that the Connecticut Insurance Guaranty Association was named as a defendant in this matter and joined in the brief filed by Swan Engraving. For the sake of simplicity, we refer to Swan Engraving and the Connecticut Insurance Guaranty Association collectively as the defendants in this opinion.

[2] Although the board reached the legal conclusion that "claims under [General Statutes] § 31-306 . . . must be commenced under the time limitations of [General Statutes] § 31-294c . . . subject to the limited exceptions expressly provided for under [General Statutes] § 31-306b," it remanded the matter to the commissioner for a de novo hearing to determine whether

the plaintiff's filing of a notice of claim in this matter, three weeks beyond the statute of limitations provided in § 31-294c, is saved by the provisions of § 31-306b.

[3] " 'Presumptive dependents' means . . . persons who are conclusively presumed to be wholly dependent for support upon a deceased employee," including "[a] wife upon a husband with whom she lives at the time of his injury or from whom she receives support regularly . . . ." General Statutes § 31-275 (19) (A).

[4] General Statutes § 31-306 (a) provides in relevant part that "[c]ompensation shall be paid to dependents on account of death resulting from an accident arising out of and in the course of employment or from an occupational disease . . . ."

[5] General Statutes § 31-294c (a) provides: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or the date of the first manifestation of a symptom of the occupational disease and the nature of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. An employee of the state shall send a copy of the notice to the Commissioner of Administrative Services. As used in this section, 'manifestation of a symptom' means manifestation to an employee claiming compensation, or to some other person standing in such relation to him that the knowledge of the person would be imputed to him, in a manner that is or should be recognized by him as symptomatic of the occupational disease for which compensation is claimed."

[6] General Statutes § 31-306b provides: "(a) Not later than thirty days after the date an employer or insurer discontinues paying weekly disability benefits to an injured employee under the provisions of this chapter due to the death of the injured employee, the employer or insurer shall send by registered or certified mail to the last address to which the injured employee's workers' compensation benefit checks were mailed, a written notice stating, in simple language, that dependents of the deceased employee may be eligible for death benefits under this chapter, subject to the filing and benefit eligibility requirements of this chapter.

"(b) Not later than October 1, 1998, the chairman of the Workers' Compensation Commission shall develop a standard form that may be used by employers and insurers to provide the notice required under subsection (a) of this section.

"(c) The failure of an employer or insurer to comply with the notice requirements of subsection (a) of this section shall not excuse a dependent of a deceased employee from making a claim for compensation within the time limits prescribed by subsection (a) of section 31-294c unless the dependent of the deceased employee demonstrates, in the opinion of the commissioner, that he was prejudiced by such failure to comply. Each dependent who, in the opinion of the commissioner, demonstrates that he was prejudiced by the failure of an employer or insurer to comply with the notice requirements of subsection (a) of this section shall be granted an extension of time in which to file a notice of claim for compensation with the deceased employee's employer or insurer pursuant to section 31-294c, but such extension shall not exceed the period of time equal to the interim between the end of the thirty-day period set forth in subsection (a) of this section and the date the notice required under said subsection was actually mailed."

[7] The board remanded the matter for a de novo hearing to consider "whether the [defendants] appropriately complied with their obligation under § 31-306b . . . and whether their compliance, or lack thereof, has prejudiced the [plaintiff] . . . ." The parties have, however, conceded on appeal that the notice requirements of § 31-306b do not apply to the present case because the defendants were not paying benefits at the time of the decedent's death. Accordingly, on appeal, we only address the board's legal

conclusion that the statutory scheme requires that the plaintiff file a separate timely claim for survivor's benefits.

[8] The plaintiff appealed from the board's decision to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[9] At oral argument before this court, counsel for the defendants conceded that the text of the act does not contain a statute of limitations for filing a claim for survivor's benefits and that the defendants' position requires the reading of language into the statute.